# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

LATOYA A.[1],

                                            Plaintiff,

    v.                                              5:19-CV-580 (ATB)

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.

_____

LATOYA A., Plaintiff pro se
SEAN SANTEN, Special Asst. U.S. Attorney for Defendant

ANDREW T. BAXTER, U.S. Magistrate Judge

## MEMORANDUM-DECISION and ORDER

This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1 and the consent of the parties. (Dkt. Nos. 4, 5). Presently before the court is the defendant's motion to dismiss, based on the expiration of the statute of limitations.[2] (Dkt. No. 10). Plaintiff has filed a letter-response in opposition to the defendant's motion. (Dkt. No. 12).

---

[1] In accordance with recent guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in June 2018 in order to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify the plaintiff using only her first name and last initial.

[2] Defendant has filed a memorandum of law, together with exhibits in support of the motion to dismiss. (Dkt. Nos. 10-1, 10-2). The exhibits include some of the previous administrative documents relative to this court action. (Dkt. No. 10-2).

I.  **<u>PROCEDURAL HISTORY</u>**[3]

On June 26, 2018, an Administrative Law Judge denied plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Insurance Income ("SSI"). (Sampson Decl. ¶ 3(a) & Ex. 1). On March 8, 2019, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Sampson Decl. ¶ 3(a) & Ex. 2). The Appeals Council decision was mailed the same day that it was issued, and it was sent to the address that plaintiff provided to the agency.[4] (*Id.*) The Appeals Council notice specifically informed plaintiff of the sixty (60) day deadline for filing a federal court action in order to challenge the final decision of the Commissioner under 42 U.S.C. § 405(g). (*Id.* Ex. 2 at 2). The notice further stated that the agency "assumed" that the plaintiff received the letter five days after the date on the front of the notice, unless plaintiff showed the

---

[3] The statute of limitations defense may be asserted in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Borrero v. Colvin*, No. 14-CV-5304, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (citation omitted). Defendant has also asserted Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 56 as procedural bases for the motion. However, the appropriate basis is a motion pursuant to Fed. R. Civ. P. 12(b)(6) because the statute of limitations in a Social Security action is not "jurisdictional." *See Goff v. Apfel*, No. 99-CV-8062, 2004 WL 1243148, at *5 (E.D.N.Y. Mar. 30, 2004). When considering motions to dismiss, the court "construes the complaint liberally, 'accepting all factual allegations in the complaint . . . and drawing all reasonable inferences in the plaintiff's favor.'" *Bender v. Astrue*, No. 09 Cv. 5738, 2010 WL 3394264, at *4 (E.D.N.Y. Aug. 23, 2010) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). The Court will consider those documents submitted by the parties which are matters of public record or which are deemed included in the complaint. *See Bender*, 2010 WL 3394264, at *3, n. 1 (citing *Pani, M.D. v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998)). Because this is a "pre-answer" motion to dismiss, there is no administrative transcript containing the documents related to the procedural history in this case. However, defendant has submitted the July 5, 2019 declaration of Michael Sampson, Chief of Court Case Preparation and Review Branch III of the Office of Appellate Operations, Office of Hearings Operations, Social Security Administration. ("Sampson Decl.") (Dkt. No. 10-2 at 1-4). The court may consider such documents under any of the aforementioned bases for defendant's motion.

[4] It is the same address that plaintiff provided to the court.

2

Commissioner otherwise. (*Id.*) Plaintiff filed this federal court action on May 15, 2019. (Dkt. No. 1).

I. **Timeliness of Filing**

   A. **Legal Standards**

Section 405(g) of the Social Security Act permits a claimant who has been denied benefits to obtain judicial review of the Commissioner's denial by bringing a civil action in the judicial district of the claimant's residence within 60 days of the mailing of the Notice of Decision. 42 U.S.C. § 405(g). The regulations provide that the sixty-day period begins to run upon the claimant's receipt of the notice, which is presumed to be five days after the date listed on the Appeal Council notice. 20 C.F.R. § 422.210(c). *See Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). The sixty-day limitations period must be strictly construed because it is a condition to the government's waiver of sovereign immunity. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Generally, failure to timely file, even where the delay is minor, will require dismissal of the complaint. *Johnson v. Astrue*, No. 12-CV-2736, 2014 WL 2624904, at *2 (E.D.N.Y. June 12, 2014) (citing *Plaintiff v. Commissioner of Soc. Sec.*, 519 F. Supp. 2d 448, 448 (S.D.N.Y. 2007); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002)).

Notwithstanding the strict application of the statute of limitations, a filing may be deemed timely under the doctrine of equitable tolling "where a litigant can show that '[s]he has been pursuing [her] rights diligently; and that 'some extraordinary circumstance stood in [her] way.'" *Reape v. Colvin*, No. 1:12-CV-1426, 2015 WL 275865, at *3 (N.D.N.Y. Jan. 22, 2015) (quoting *Torres v. Barnhart*, 417 F.3d 276, 279

(2d Cir. 2005) (internal quotation omitted)). It is the plaintiff's burden to show that equitable tolling is justified. *Id.* (citing *Liranzo v.. Astrue*, No. 07–CV–5074, 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010), *aff'd*, 411 F. App'x 390 (2d. Cir. 2011)). *See also Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). The application of this doctrine is appropriate only in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising [her] rights." *Zerilli–Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal citations and quotations omitted). While "equitable tolling is generally warranted only in rare and exceptional circumstances, it is not infrequently appropriate in cases involving social security benefits because Congress intended to be unusually protective of claimants in this area." *Liranzo*, 2010 WL 626791, at *3 (citations omitted).

However, the plaintiff must "'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [her] filing.'" *McPherson v. Comm'r of Soc. Sec.*, No. 17-CV-3250, 2019 WL 2477795, at *3 (E.D.N.Y. June 12, 2019) (quoting *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Circumstances justifying equitable tolling include where the plaintiff "'(i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment.'" *Id.* (quoting *Cole-Hill*, 110

4

F. Supp. 3d at 485 (quoting *Sindrewicz v. Chater*, No. 96-CV-139, 1997 WL 166564, at *2 (W.D.N.Y. Jan. 30, 1997) (collecting cases)).

B.   **Application**

As stated above, the Appeals Council notice to plaintiff was dated March 8, 2019, and plaintiff was presumed to have received the notice five days later on March 13, 2019. 20 C.F.R. § 422.210(c). Sixty days would have expired on Sunday, March 12, 2019. However, because the last day of the period was a Sunday, plaintiff would have had until Monday March 13, 2019 to file her federal court action. (Sampson Decl. ¶ 3(a)) (citing HALLEX 1-4, 1-2). Plaintiff filed this action May 15, 2015 by bringing her complaint to the Clerk's Office for filing.[5] (Dkt. No. 1). Thus, the complaint was clearly filed two days late.

Plaintiff was given the opportunity to respond to defendant's motion, but plaintiff's letter-response did not address the timeliness issue, nor any justification for equitable tolling. Instead, the letter simply asked the court to review the Commissioner's decision and grant her benefits. (Dkt. No. 12). The court notes, as did defendant, that plaintiff has another action pending in the Northern District of New York which is also the subject of a motion to dismiss on timeliness grounds. *See Latoya A. o/b/o N.C. v. Comm'r of Soc. Sec.*, 5:19-CV-581 (DJS) (Dkt. No. 10). In 19-CV-581, plaintiff brought the federal action on behalf of one of her her minor children. Defendant has also made a motion to dismiss on timeliness grounds in 19-CV-581. Plaintiff was given the opportunity to respond, but plaintiff's opposition letter in 19-

---

[5] The complaint is dated May 15, 2019. (Dkt. No. 1 at 1).

5

CV-581 also failed to address the statute of limitations issue in any way. In order to protect the minor child,[6] Magistrate Judge Daniel Stewart appointed counsel in 19-CV-581, and the defendant's motion to dismiss is pending, awaiting pro bono counsel's response. (Dkt. Nos. 13, 16, 17 in 19-CV-581).

In this case, it appears clear that plaintiff's federal complaint was not filed within the 60-day time limit. Plaintiff is representing herself, not her minor child. Although the court has sympathy for plaintiff's situation, her pro se status alone may not be the basis for equitable tolling. *See Hans v. Comm'r of Soc.* Sec., No. 16-CV-270, 2019 WL 1099951, at *2 (E.D.N.Y. Feb. 28, 2019) (dismissing pro se complaint, filed seven days late); Smith *v. Comm'r of Soc. Sec.*, No. 08-CV-1547, 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (dismissing pro se Social Security complaint filed four days late); *Sindrewicz v. Chater*, No. 96-CV-139A, 1997 WL 166564, *2 (W.D.N.Y. Jan. 30, 1997) (same - complaint filed four days late); *Monje v. Shalala*, No. 93 Civ. 4707, 1995 WL 540028, at *3 (S.D.N.Y. Sept. 4, 1995) (dismissing pro se Social Security complaint filed six days late), *aff'd*, 112 F.3d 504 (2d Cir. 1996) (table).

In this case, none of the factors justifying equitable tolling, appear to exist in plaintiff's case. Plaintiff was well-aware of the deadline, and there is no issue of mail delay because it appears that she brought the complaint to the Clerk's Office to file, evidenced by the fact that the complaint is dated the same day that it was filed. The

---

[6] Generally, non-attorney parents may not proceed pro se on behalf of their minor children. *Wenger v. Canastota Central Sch. Dist.*, 181 F.3d 84 (2d Cir. 1999). However, Social Security disability cases are an exception to this rule. *Maldonado v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002). However, the court in *Maldonado* found that if the issues were sufficiently complex that a non-attorney parent could not proceed without compromising the rights of the child, the court may appoint counsel after analyzing the appropriate factors. *Id.* at 107-108.

6

notice plaintiff received from the Appeals Council specifically stated that plaintiff could request an extension of time to file her federal action. (Sampson Decl. Ex. 1 at 2-3). A review of plaintiff's complaint shows that she is able to understand and make coherent arguments on her own behalf. She is very clear in her complaint about why the ALJ's decision was incorrect. There appears to have been no impediment preventing plaintiff from filing this action. Thus, even though the plaintiff was only two days late in filing her federal action in this case, there is no basis for this court to grant equitable tolling of the sixty-day time limit. Therefore, the court is constrained to dismiss this action.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendant's motion to dismiss (Dkt. No. 10) is **GRANTED**, and the plaintiff's complaint is **DISMISSED**, and it is

**ORDERED**, that the Clerk enter judgment in favor of **DEFENDANT**.

Dated: December 5, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge